## MILLER *v.* MILLER.

[No. 12,694.    Filed March 31, 1927.]

DIVORCE.—*Divorced wife could not recover from husband for support of invalid daughter taken from father's custody without his consent.*—Where the custody of an invalid daughter was, on the divorce of her parents, awarded to her father, who cared for and supported her during her minority and thereafter until she was taken from his custody by her mother, without her father's consent, without authority of law and without any agreement as to paying for her care and support, the mother could not recover from the father for the daughter's support.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Mollie J. Miller against Harry S. Miller. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Slinkard & Slinkard,* for appellant.
*James M. Hudson,* for appellee.

NICHOLS, J.—Action by appellant against appellee wherein appellant seeks to recover from appellee for the care and support of an adult daughter, then twenty-six years of age, and who was the issue of their marriage, which marriage had been dissolved by divorce on the complaint of appellee charging appellant with adultery. There was a finding and judgment for appellee, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the action of the court in overruling her motion for a new trial, under which she presents that the evidence was insufficient to sustain the verdict. It appears by the evidence that appellee obtained his divorce from appellant in September, 1916, at which time the custody of the daughter, then and ever since an invalid, was given to appellee, and that he kept her in his home with his mother and sister until his mother's death. After appellee's remarriage, the daughter was kept by an old lady, eighty-two years of age, and appellee's sister, who was blind. She could not walk nor talk, and there is evidence that she was not well cared for in this home. In July, 1922, appellant sent her son after the daughter, who, without the consent of appellee, brought her to appellant's home, where she was cared for by appellant until the time of the trial. Appellee cared for and supported the daughter during the time of her minority, and thereafter until she was taken from his custody by appellant. The taking of the daughter, and her care and support thereafter, was not at the instance and request of appellee. Appellant

had no conversation or agreement with appellee as to the advisability of her action, and it does not appear by the evidence that appellee at any time agreed to pay appellant for such care and support. The daughter having passed from her minority to her majority while an invalid, and in a helpless condition, it is the law that appellee was chargeable with her care and support while she remained in his custody, but, when appellant chose to take her daughter from the custody of appellee, and from the home which he had provided for her, without his consent, and without authority of law, and without any agreement with him as to paying for her care and support, she cannot recover therefor. *Ramsey* v. *Ramsey* (1889), 121 Ind. 215, 23 N. E. 69.

Judgment affirmed.

Dausman, J., absent.